UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLARD DONNER III and
ROSEMARY THURMOND,

        Plaintiffs,

                      CASE NO.:

vs.

HOWARD'S RECOVERY, LLC, a Florida
Limited Liability Company, and PAUL
HOWARD, Individually,

_____Defendants._____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

        Plaintiffs, WILLARD DONNER III and ROSEMARY THURMOND, by and through the undersigned attorney, sue the Defendants, HOWARD'S RECOVERY, LLC, a Florida Limited Liability Company, and PAUL HOWARD, Individually, and allege:

        1.    Plaintiffs, WILLARD DONNER III and ROSEMARY THURMOND, were employees of Defendants and bring this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

**General Allegations**

        2.    Plaintiffs, WILLARD DONNER III and ROSEMARY THURMOND, were employees who worked at Defendants' property within the last three years in Polk County, Florida.

        3.    Plaintiff, WILLARD DONNER III, worked for Defendants as a salary paid employee at a rate of $450.00 per week plus bonuses.

        4.    Plaintiff, ROSEMARY THURMOND, worked for Defendants as a salary paid employee at a rate of $450.00 per week plus bonuses.

        5.    Plaintiffs, WILLARD DONNER III and ROSEMARY THURMOND, earned

1

bonuses at a rate of $30.00 per vehicle recovered.

6. Plaintiffs, WILLARD DONNER III and ROSEMARY THURMOND, worked performing vehicle recovery services for Defendants.

7. At all times material to this cause of action, Plaintiffs, WILLARD DONNER III and ROSEMARY THURMOND, did not exercise independent judgement or control over any matters of importance related to the business.

8. At all times material to this cause of action, Plaintiffs, WILLARD DONNER III and ROSEMARY THURMOND, did not hire or fire employees, set pay rates for employees, or set schedules for employees.

9. At all times material to this cause of action, Plaintiffs, WILLARD DONNER III and ROSEMARY THURMOND, were non-exempt salaried employees and therefore entitled to overtime wages for any and all overtime hours worked.

10. Defendant, HOWARD'S RECOVERY, LLC, is a Florida Limited Liability Company that operates and conducts business in Polk County, Florida and is therefore, within the jurisdiction of this Court.

11. Specifically, Defendant, HOWARD'S RECOVERY, LLC, lists its principal place of business as 7914 US Highway 98 North, Lakeland, Florida 33809.

12. Defendant, HOWARD'S RECOVERY, LLC, also operates at 5227 Young Pine Road, Orlando, Florida 32829.

13. According to its website, Defendant, HOWARD'S RECOVERY, LLC, operates as a vehicle recovery/repossession business. Defendant recovers everything from motorcycles, boats, automobiles, trucks, boats, and lawn equipment. See www.HowardsRecoveryAndTowing.com

14. At all times relevant to this action, PAUL HOWARD was an individual resident of the State of Florida, who owned and operated HOWARD'S RECOVERY, LLC, and who regularly exercised the authority to: (a) hire and fire employees of HOWARD'S RECOVERY, LLC; (b)

determine the work schedules for the employees of HOWARD'S RECOVERY, LLC, and (c) control the finances and operations of HOWARD'S RECOVERY, LLC. By virtue of having regularly exercised that authority on behalf of HOWARD'S RECOVERY, LLC, PAUL HOWARD is/was an employer as defined by 29 U.S.C. § 201, et seq.

15. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

16. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and the FLSA.

17. During Plaintiffs' employment with Defendants, Defendant, HOWARD'S RECOVERY, LLC, earned more than $500,000.00 per year in gross sales.

18. Defendant, HOWARD'S RECOVERY, LLC, employed approximately ten (10) employees and paid these employees plus earned a profit from their business.

19. During Plaintiffs' employment, Defendant, HOWARD'S RECOVERY, LLC, employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as a laptop/tablet, license plate readers/cameras, Ford Fusion vehicle (company vehicle), computers, notepads, office supplies, fax machines, printers, telephones, mechanics tools, and other tools/materials used to run the business.

20. Therefore, at all material times relevant to this action, Defendant, HOWARD'S RECOVERY, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

21. Additionally, Plaintiffs, WILLARD DONNER III and ROSEMARY THURMOND, are individually covered under the FLSA.

### FLSA Violations

22. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiffs performed services for Defendants for which no provisions were made by

Defendants to properly pay Plaintiffs for all overtime hours worked.

23. During their employment with Defendants, Plaintiffs were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

24. Specifically, Plaintiffs were compensated their weekly salary rate (plus any bonuses earned) regardless of the number of overtime hours worked during the week.

25. Despite being paid a weekly salary plus bonus wage, Defendants had a method and practice of reporting Plaintiffs' pay rate as an hourly rate on their paystubs. To that end, Defendants adjusted Plaintiffs' hourly rate on a weekly basis so that the total amount owed to Plaintiffs was reflected as an hourly wage.[1]

26. For example, THURMOND'S paycheck for the pay period ending 1/18/2019 reflects forty (40) hours paid at a rate of $14.44 and an additional 13.50 overtime hours at a rate of $21.66. THURMOND received a gross total of $870.01 (pre-tax). If you subtract THURMOND'S $450.00 salary, you are left with $420.01. THURMOND recovered 14 cars that week at a bonus rate of $30.00 (14 cars x $30.00 = $420.00). See attached Exhibit A.

27. Further, in Exhibit A, for the pay period ending 1/11/2019, THURMOND'S paycheck reflects forty (40) hours paid at a rate of $11.81 and an additional 14 overtime hours at a rate of $17.72. THURMOND received a gross total of $720.41 (pre-tax). If you subtract THURMOND'S $450.00 salary, you are left with $270.41. THURMOND recovered 9 cars that week at a bonus rate of $30.00 (9 cars x $30.00 = $270.00). *Id*

28. Plaintiffs routinely worked 8:00am to 8:00pm shifts for Defendants, five (5) days a week, or sixty (60) hours per week.

29. Plaintiffs are entitled to the half-time premium for all hours worked in excess of

---

[1] Plaintiffs' paystubs actually reflect a vehicle recovery bonus line item disguised as "overtime". If you subtract $450.00 from Plaintiff's gross earnings and divide the remaining amount by the number of vehicles recovered in that workweek, it will always come out to $30.00 as that was the bonus rate for each recovered vehicle.

forty (40) per week.

30. Plaintiffs half-time premium must be calculated on a weekly basis due to extra wages earned via bonuses.

31. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

32. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

33. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-32 above as though stated fully herein.

34. Plaintiffs are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

35. During their employment with Defendants, Plaintiffs worked overtime hours but were not paid time and one-half compensation for same.

36. Plaintiffs were paid their salary for all hours worked regardless of how many overtime hours were worked in the workweek.

37. Additionally, Defendants had a method of adjusting Plaintiffs' rate/paycheck each week to reconcile their unlawful payment practices.

38. Defendants have failed provide accurate overtime compensation for numerous pay periods.

39. Defendants did not have a good faith basis for their decision not to pay Plaintiffs full overtime compensation.

40. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs time and one-half their regular rate of pay for each hour worked in excess of forty (40) per

work week in one or more work week, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

41. As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

42. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, WILLARD DONNER III and ROSEMARY THURMOND demand judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 28 day of August, 2019

/s/ Matthew R. Gunter
Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, PA
P.O. Box 530244
Atlanta, GA 30353-0244
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
*Attorneys for Plaintiff*