**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**WILLARD DONNER III and ROSEMARY THURMOND,**

    Plaintiffs,

vs.                                      **CASE NO.: 8:19-CV-02151-MSS-AAS**

**HOWARD'S RECOVERY, LLC, a Florida Limited Liability Company, and PAUL HOWARD, Individually,,**

    Defendants.                     /

## MOTION TO EXTEND SCHEDULING ORDER DEADLINES

COME NOW the Plaintiffs, WILLARD DONNER, III and ROSEMARY THURMOND, by and through the undersigned counsel, and moves this Court for an Order extending the current scheduling order deadlines. In support thereof, Plaintiffs state as follows:

1. This is an action by Plaintiffs against Defendants, Howard's Recovery, LLC and Paul Howard under the Fair Labor Standards act ("FLSA") for unpaid overtime wages as a result of misclassification of Plaintiffs.

2. Under the current Case Management and Scheduling Order, the parties are required to meet in person for the Rule 26(f) Settlement and Early Planning Conference on or before October 30, 2019.

3. As of the date of this filing, the Defendants have not been served with the Summons and Complaint, as the location of the business changed and the process server had to be provided with a new address for service of process.

4. As such, the parties cannot participate in the conference by the required deadline as Defendants have yet to be served or retain counsel to represent them in this matter.

5.      For the above and foregoing reasons, Plaintiff requests this Court suspend the deadlines in the Case Management and Scheduling Order (Doc. 6) until after the Defendants have been served and retained an attorney to appear on their behalf.

6.      This Motion is made in good faith and not for the purpose of harassment, vexation, or undue delay.

## MEMORANDUM OF LAW

Rule 16 of the Federal Rules of Civil Procedure provides that once entered, the scheduling order "shall control the subsequent course of the action unless modified by a subsequent order . . . [and] "shall not be modified except upon a showing of good cause." Fed.R.Civ.P. 16(b)(e).

In this instant case, Plaintiffs' inability to participate in the Rule 26(f) Case Management Conference was in no way caused by any lack in Plaintiffs' diligence. Placing a stay on the FLSA Scheduling Order deadlines until after the Defendants have been served and an attorney has appeared on their behalf would allow the parties the necessary time to coordinate and schedule the Rule 26(f) conference and otherwise adhere to this Court's deadlines. Plaintiffs maintain that good cause is shown to enlarge this Court's deadlines in the FLSA Scheduling Order.

## 3.01(g) CERTIFICATION

Plaintiff's counsel certifies that pursuant to Local Rule 3.01(g) Defendants have not been served with the Summons and Complaint at this time therefore no other parties have appeared for the undersigned to confer with.

WHEREFORE, Plaintiffs respectfully request the Court enter an Order suspending the Court's deadlines in the FLSA Scheduling Order until such time as the Defendants have been served and filed an appearance in this matter.

Dated this 23rd day of October, 2019.

        **/s/ MATTHEW GUNTER**
        Matthew Gunter, Esq.
        FBN 0077459
        Morgan & Morgan, P.A.
        20 N. Orange Avenue, Suite 1600
        P.O. Box 4979
        Orlando, FL 32802-4979
        Telephone:   (407) 420-1414
        Facsimile: (407) 867-4791
        Email: MGunter@forthepeople.com
        Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing has been filed using the CM/ECF filing system, which I understand will send a notice of electronic filing to none. I further certify that I served the above and foregoing to Paul Howard, Individually and as Registered Agent for Howard's Recovery, LLC, 11426 U.S. Highway 98 N, Lakeland, FL 33809, this 23rd day of October 2019.

        **/s/ MATTHEW GUNTER**
        Matthew Gunter, Esq.